UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV108-3-MU

| | |
|---|---|
| JEFFREY DALE GOSNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HUGH DOUG MITCHELL, Supt., of ) | |
| Craggy Correctional Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Jeffrey Dale Gosnell's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary Judgment (Document No. 3) Petitioner's Cross Motion for Summary Judgment (Document No. 5) and Petitioner's "Addendum to Summary Judgement Memorandum and Argument Consolidate for Petition for a Writ of Habeas Corpus Filed 09 May 2003" (Document No. 6.)

### I. Factual and Procedural Background

On May 29, 2002 Petitioner pled guilty to involuntary manslaughter and driving while license revoked as a habitual felon and was sentenced to 102 to 132 months imprisonment pursuant to the terms of his plea agreement.

On March 11, 2003 Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Buncombe County. The Honorable Dennis J. Winner summarily denied Petitioner's MAR on March 21, 2003. Petitioner then filed a certiorari petition in the North Carolina Court of Appeals

1

on April 7, 2003, which was denied on April 22, 2003.

Petitioner filed the instant petition on May 9, 2003 alleging that; (a) he received ineffective assistance of counsel because his attorney did not prepare a "true work-up on points" and directed Petitioner to stipulate to certain points; (b) the trial court allowed the district attorney to "add to the plea" violating principles of contract law; and (c) N.C.G.S. § 15A-1340.13 and .17 do not permit the use of a conviction for prior record level points and the habitual felon charge.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even

if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

### A. Petitioner Has Failed to Establish Ineffective Assistance of Counsel

As his first claim, Petitioner argues that his counsel was ineffective because counsel did not prepare a "true work-up on points" and directed Petitioner to stipulate to certain points. To support this contention, Petitioner asserts that counsel urged him to stipulate to an unlawful application of the law and therefore his guilty plea was unlawfully imposed.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this

3

burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

4

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner contends that his attorney was ineffective for allowing him to plead pursuant to a plea agreement stating that he had a point score of 16. Petitioner contends that his point score should have been 12 and not 16 because the state used the same convictions that supported his habitual felon case in both his habitual felon case and his point score which is not permissible under North Carolina law.

The state argues that any error in the calculation of Petitioner's point score is harmless because the apparent overlap in convictions listed on Petitioner's habitual felon bill of information and his prior record level worksheet, i.e the April 18, 1985 forgery conviction in case 84 CRS 22466 and the June 27, 1991 possession of cocaine in case 90 CRS 22892, is offset by other prior convictions which were available but not utilized to calculate Petitioner's prior record level points. Stated another way, Petitioner's point score was 16 using the convictions listed in the habitual felon bill of indictment and he would have had a point score of 16 deducting the convictions used in the habitual felon bill of indictment when adding in the convictions which were available but not utilized in calculating Petitioner's point score.

Specifically, deducting the convictions used to support the habitual felon bill of indictment results in the subtraction of 6 points and the additional back of 3 points. Petitioner had an uttering conviction on the same day as his forgery conviction, April 18, 1985, in case 84 CRS 22466. This

uttering conviction, which was not used in calculating Petitioner's point score, gives Petitioner an extra 2 felony points under Class H or I felonies. Additionally, Petitioner had a possession of drug paraphernalia conviction on the same day of his possession of cocaine conviction, This gives Petitioner an extra point. The points worksheet therefore, should include 4 felony points for the 2 prior Class H or I felonies, 11 misdemeanor points for 11 prior record points and 1 point for Petitioner being on probation when committing the underlying offense in this case. Thus, Petitioner had a total of 16 points

Petitioner has not established that his counsel was ineffective and even if this Court were to assume Petitioner's had established that his counsel was ineffective, he has not shown prejudice because his point score would have been a 16 even if the state had not incorrectly double counted the felonies listed in his habitual felon bill of indictment. Moreover critically, Petitioner has not established prejudice because he has not shown that but for his attorney failing to prepare a "true work-up on points," he would not have plead guilty and instead insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Moreover, Petitioner raised the substance of this argument in his MAR. Judge Winner summarily denied Petitioner's entire MAR, including the substance of the instant ineffective assistance of counsel claim, on its merits. In denying the MAR on the merits, Judge Winner stated that the MAR is "totally without merit and the same is therefore DENIED." (Ex. E to State's Motion for Summary Judgment.) The state court need not cite, nor even be aware of, the pertinent United States Supreme Court cases, so long as the result of the state court adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000) (en banc) (even summary or

unexplained state court orders are entitled to deferential standard of review), cert. denied, 534 U.S. 830 (2001). Judge Winner's summary adjudication and denial of Petitioner's ineffectiveness claim on its merits, is a correct and reasonable application of the law. It is not contrary to Strickland and it is not an unreasonable application of Strickland to the facts of this case. Therefore, Petitioner's claim of ineffectiveness is also denied pursuant to § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362, 409-412 (2000).

### B. The "Added to the Plea" Argument is Without Merit

As his second claim, Petitioner appears to be arguing that the post conviction MAR court should not have allowed the District Attorney to cure the errors in calculating the prior record level and habitual felon status by relying on other convictions, i.e., his April 18, 1985 uttering conviction and his June 27, 1991 possession of drug paraphernalia conviction. Petitioner contends that these other convictions cannot be used because they are "outside" of the plea bargain.

There is nothing in Petitioner's plea bargain or otherwise to support Petitioner's contention. Furthermore, alleged errors or deficiencies in the manner in which Judge Winner considered and denied Petitioner's post conviction MAR, are not cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief."); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.) (claim of error in state post-conviction proceeding cannot support federal habeas relief), cert denied, 525 U.S. 925 (1998).

Petitioner's contention that the District Attorney added to the plea, is without merit and not cognizable on federal habeas review.

### C. Use of convictions for prior record level points and habitual felon charge

Petitioner's final claim is essentially a restatement of his first claim without the ineffective assistance of counsel. Petitioner contends that N.C.G.S. § 15A-1340.13 and .17 prohibit the dual use of a conviction for habitual felon purposes and prior record level points. The government conceded that this is true and during the MAR process recalculated Petitioner's points using other convictions previously available but not used in the first calculation to come up with the same point score of 16. Therefore, the state's position was and is essentially that although the initial calculation of prior record points was incorrect because they double counted two convictions for purposes of the habitual felon bill of indictment and prior record point level, the error was harmless because upon recalculation using convictions previously available but not used in the first calculation, Petitioner's score still calculated to a 16, which is what he stipulated to in his plea agreement. The MAR court then denied Petitioner's MAR.

Therefore, any error that occurred as a result of the double counting of two of Petitioner's prior convictions for habitual felon purposes and prior record purposes was harmless as recalculation resulted in the same number of points that Petitioner stipulated to in his plea agreement and Petitioner was sentenced in accordance with his plea agreement.

Furthermore, to the extent Petitioner is raising purely a state law claim, it is not cognizable on federal habeas review unless so egregious as to violate due process. See Estelle v. McGuire, 502 U.S. 62 (1991). No due process violation has been shown here as any error that may have occurred as a result of the double counting of two pr Petitioner's convictions was harmless error.

Finally, to the extent that Petitioner is challenging the voluntariness of his plea, the trial judge's findings of fact and conclusions of law that Petitioner's guilty plea was an informed choice made freely, voluntarily and understandingly, are correct. They are not contrary to, nor involve and

8

unreasonable application of clearly established law as determined by the Supreme Court, i.e. <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969) (requirements for a valid guilty plea). Nor are they based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings (See Ex. A to State's Motion for Summary Judgment.)

Therefore, Petitioner's final claim is also denied.

## IV. Order

For the foregoing reasons, it is hereby ordered that the Respondent's Motion for Summary Judgment is **GRANTED**, Petitioner Cross Motion for Summary Judgment and his Petition for a Writ of Habeas Corpus are **DENIED** and **DISMISSED**.

**SO ORDERED**.

Signed: February 9, 2006

Graham C. Mullen
United States District Judge